Case 1:19-cv-00018 Document 8 Filed on 04/01/19 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 01, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:19-cv-018 |
| | § | |
| JUDITH L. WALKER AND KEVIN | § | |
| PAUL SEGARS, | § | |
|    Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff Bank of New York Mellon ("BNYM") filed its Original Complaint in the above-captioned civil action on February 14, 2019 (hereinafter, BNYM's "Complaint"). Dkt. No. 1. The Complaint (Dkt. No. 1) identifies only two causes of action: one for a declaratory judgment, and the other requesting a court order for permission to proceed with a non-judicial foreclosure. *Id.* at 5−6. For the reasons provided below, it is recommended that BNYM's Complaint be **DISMISSED**, and the Clerk of Court be ordered to close this case.

### I.    Background[1]

On or about September 24, 1999, Defendant Judith L. Walker executed a Note bearing a principal amount of $45,000.00 and a yearly interest rate of 8.625%. Dkt. No.

---

[1] Because Defendant Walker has not filed a responsive pleading in this case, and because Defendant Segars' Answer (Dkt. No. 7) only addresses whether he is a proper party to this lawsuit, the Background Section is based on the facts as alleged in the Complaint. The Court does not, however, intend to express any opinion regarding the truth of the facts as alleged.

1-1 at 2.  Walker contemporaneously executed a Texas Home Equity Security Instrument (the "Security Instrument"), which granted the lender[2] a security interest in a property bearing the address 426 Winnipeg, Brownsville, Texas 78521 (the "Property").[3]  Although it does not address the chain of assignment(s) or sale(s) of either the Note or Security Instrument, BNYM avers that it "is the current legal owner and holder of the Note . . . and mortgagee of the Security Instrument." Dkt. No. 1 at 4.  The loan servicer, not a party to this lawsuit, is Ocwen Loan Servicing, LLC.  *See* Dkt. No. 1-1 at 21−24.  According to BNYM, a default resulted from Defendants' failure "to make payments under the terms of" the Note and Security Instrument.  Dkt. No. 1 at 4.  BNYM claims that Defendants are delinquent on payments from December 1, 2017 to present.  *Id.*  A "Notice of Default" was mailed to an address associated with Walker on February 2, 2018, informing her of the total amount past due and detailing instructions on how to cure the default.  Dkt. No. 1-1 at 21−22.  On December 27, 2018, a "Notice of Acceleration of Loan Maturity" was mailed to two different addresses associated with Walker, including the address of the Property.  *Id.* at 26−29.  BNYM makes no averment regarding whether the Property has been or currently is claimed as a "homestead" by either of the Defendants.

---

[2] At the time of the execution of the Security Instrument, the Lender was First Guaranty Mortgage Corporation. Dkt. No. 1-1 at 8.  The Security Instrument permits the Note (and partial interests therein) to be "sold or transferred one or more times," resulting "in a change in the entity . . . that collects monthly payments due under the Note and [the] Security Instrument."  Dkt. No. 1-1 at 13.  The Security Instrument further states that it binds all "successors and assigns of Lender and Borrower."  Dkt. No. 1-1 at 11.

[3] The Property is further described in the Security Instrument as a "property located in Cameron County, Texas: Lot Eleven (11), Block Six (6), HARBOR HEIGHTS SUBDIVISION, SECTION 1, Cameron County, Texas, according to the map of said subdivision recorded in Volume 17, Page 55, Map Records of Cameron County, Texas."  Dkt. No. 1-1 at 9.

On February 14, 2019, BNYM filed this action seeking to enforce its security interest in the Property through foreclosure. Dkt. No. 1. BNYM seeks a "judgment . . . declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument[,] and mortgagee," along with a judgment "allowing Plaintiff to proceed with non-judicial foreclosure or, in the alternative, judicial foreclosure as to the Property." *Id.* at 6–7. In the "Prayer" section of its Complaint, BNYM also demands a judgment "quieting title as to any and all competing interests" and "attorney's fees [and] costs." *Id.* at 7. Neither of these final two requests is set out as a separate cause of action.

Both Defendants were served on February 25, 2019. Dkt. Nos. 5, 6. Pursuant to the Federal Rules of Civil Procedure, each Defendant had until March 18, 2019 to file a responsive pleading. FED. R. CIV. P. 12(a)(1). As of that date, only Defendant Segars had responded to the lawsuit. *See* Dkt. No. 7. In his pro se Answer, Segars avers that the loan to Ocwen "was never in [his] name," and that he "no longer own[s]" the Property because he "sold it to Alamo Capital Partners, LLC" in January of 2019. *Id.* at 2.

## II.   Legal Standards

Claims for declaratory judgments in federal court are governed by the Declaratory Judgment Act, which provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has held that "the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and

'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).

To meet the standing requirement under Article III, the party invoking federal jurisdiction must show: (1) it has suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant(s); and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *Consol. Cos., Inc. v. Union Pacific R.R. Co.*, 499 F.3d 382, 385 (5th Cir. 2007); *Fla. Dep't of Ins. v. Chase Bank of Tex. Nat'l Ass'n*, 274 F.3d 924, 929 (5th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "Standing to seek declaratory judgment is subject to these same requirements." *BroadStar Wind Sys. Grp. L.L.C. v. Stephens*, 459 Fed. Appx. 351, 356 (5th Cir. 2012) (citing *Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)).

The general rule is that "standing is to be determined as of the commencement of the suit." *Lujan*, 504 U.S. at 571–72. Though a plaintiff may later amend its complaint, post-filing events generally cannot cure a jurisdictional defect that existed at the time the original complaint was filed. *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014); *see also Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012) ("Although 28 U.S.C. § 1653 and [Rule] 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original complaint was filed[.]").

### III.  Analysis

BNYM seeks the following relief: (1) "a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument," (2) a "declaration from this Court that . . . BNYM is a mortgagee as that term is defined under Texas Property Code section 51.0001(4)," (3) a "judgment against Defendants for its reasonable attorney's fees" related to bringing the instant lawsuit, and (4) "a judgment allowing [BNYM] to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002." Dkt. No. 1 at 5−6. The Court first turns to the issue of standing to sue, because it is a prerequisite to the maintenance of any lawsuit.

The Declaratory Judgment Act[4] authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Such declarations may issue only to resolve an actual controversy between the parties. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune*, 549 U.S. at 127 (citation and internal quotation marks omitted). The controversy "'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or

---

[4] The Complaint does not specify whether BNYM seeks relief under the federal Declaratory Judgment Act (28 U.S.C. § 2201(a)) or Texas' "Uniform Declaratory Judgment Act" (TEX. CIV. PRAC. & REM. § 37.001 et seq.). However, "[f]ederal district courts cannot award relief pursuant to the Texas Declaratory Judgment Act . . . because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013). This Court therefore construes BNYM to request relief under the federal Declaratory Judgment Act.

based upon the possibility of a factual situation that may never develop.'" *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)). BNYM, as plaintiff in this suit, has the burden of establishing the existence of an actual controversy. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009); *Young v. Vannerson*, 612 F. Supp. 2d 829, 840 (S.D. Tex. 2009).

BNYM has failed to carry that burden. The Complaint makes no allegation of a dispute regarding what entity owns or holds the Note or Security Instrument, no allegation of a dispute regarding whether BNYM is a mortgagee, and no allegation of any dispute regarding BNYM's ability to proceed with foreclosure proceedings.[5] While a dispute may arise between the parties in the future, absent any allegations of a live case or controversy at the time the Complaint was filed, the dispute is hypothetical or conjectural.

In sum, neither of BNYM's claims for relief are justiciable. BNYM does not identify any current controversy regarding its status in relation to the Note or Security Instrument, nor does it identify a controversy related to its right to pursue non-judicial foreclosure on the property. Unless and until such disputes arise, the claims in this suit are not ripe for adjudication.

---

[5] BNYM requests a judgment from this Court "allowing [BNYM] to proceed with non-judicial foreclosure or, in the alternative, judicial foreclosure as to the Property." Dkt. No. 1 at 6–7. The procedure for a non-judicial foreclosure in Texas is governed by the Security Instrument in combination with state law. *See* TEX. PROP. CODE ANN. § 51.002. Such foreclosures do not require court orders, and absent any live case or controversy, BNYM's request for a declaration of its contractual right to proceed is not justiciable. Alternatively, if BNYM believes the Property to be a homestead and intended to pursue an expedited, non-judicial foreclosure, it must file an application in accordance with the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 735, 736; *see also* TEX. CONST. art. XVI, § 50 (describing the process of foreclosure for mortgage loans and other obligations secured by a borrower's homestead).

## IV. Recommendation

For the reasons stated above, it is recommended that this case be **DISMISSED**. It is further recommended that the Clerk of Court be directed to close this case.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

SIGNED on this 1st day of April, 2019, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**